IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| RASHAD LEE, #213 823 | * |
|    Petitioner, | * |
| v. | *   2:09-CV-591-ID |
| | (WO) |
| L.B. SMITHART, *et al.*, | * |
|    Respondents. | * |

_____

**ORDER**

Respondents filed an answer on August 3, 2009 in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. (Doc. No. 8.) They contend therein that the present habeas corpus petition is due to be denied because the claims presented by Petitioner provide no basis for relief. Specifically, Respondents argue that Petitioner's challenges to errors regarding his most recent Rule 32 petition filed in the Circuit Court for Bullock County, Alabama, entitle him to no relief in this court as such claims are state law issues with no federal constitutional consequences. *See Quince v. Crosby,* 360 F.3d 1259, 1261-62 (11th Cir. 2004). Respondents further argue that to the extent Petitioner seeks to challenge his November 2, 2000 conviction and sentence for murder entered against him the Circuit Court for Bullock County, Alabama, the petition is due to be dismissed as a successive petition. *See Lee v. Mitchem*, Civil Action No. 2:05-CV-968-WKW (M. D. Ala. 2006). *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Additionally, the court notes that Petitioner's challenge to the trial court and/or court reporter's failure to file the record on appeal from the lower court's denial of his most recent Rule 32 petition may be moot inasmuch as Respondents' indicate in their answer that the record on appeal was, in fact, filed with the Alabama Court of Criminal Appeals on June 24, 2009 and Petitioner filed his initial brief on July 8, 2009. (*Doc. No. 8, Exh. 4.*)

Accordingly, it is

ORDERED that on or before September 1, 2009 Petitioner may file a response to Respondents' answer that his challenges to matters regarding recent Rule 32 proceedings entitle him to no relief in this petition and/or show cause why the instant petition should not be dismissed as moot. Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. At any time after September 1, 2009 the court will determine whether an evidentiary hearing is necessary. If it appears that an evidentiary hearing is not required, the court will dispose of the petition as justice requires. *Cf.* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts.*

Petitioner is instructed that when responding to Respondents' answer that his claims do not entitle him to relief in this federal habeas application, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or

served with them. When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *Cf.* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Done, this 11th day of August 2009.

 /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE