IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| RASHAD LEE, #213 823 | * |
| Petitioner, | * |
| v. | *   2:09-CV-591-MEF |
| | (WO) |
| L.B. SMITHART, *et al*., | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on June 20, 2009 by Petitioner Rashad Lee, a state inmate presently incarcerated at the J.O. Davis Correctional Facility in Atmore, Alabama.[1] Petitioner is incarcerated as a result of his conviction, pursuant to his plea of guilty, for murder entered against him by the Circuit Court for Montgomery County, Alabama, on November 2, 2000. He is serving a sentence of life imprisonment. In filing this action, Petitioner argues that a delay in his state court post-conviction proceedings - which stems from alleged delay by the state court in preparing the record on appeal from the denial of his Rule 32 petition resulting in disposition

---

[1] The petition currently under consideration by the court was signed by Petitioner on June 20, 2009. (*See Doc. No. 1*.) The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Lee] signed it . . . " *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers June 20, 2009 as the date of filing.

of his appeal being further prolonged - amounts to a deprivation of his right to due process. Petitioner requests that the Alabama Court of Criminal Appeals be directed to remand Petitioner's appeal with instructions, direct the trial court to produce the record for appellate review, and/or show cause why the court should not order Petitioner's immediate release based on the trial court's failure to forward the record on appeal. (*Doc. No. 1*.)

Respondents filed an answer in which they contend that Petitioner's habeas petition is due to be denied because challenges to defects in a state collateral proceeding do not undermine the legality of detention or imprisonment. (*See Doc. No. 8.*) Respondents further argue that to the extent Petitioner's claims may be construed a challenge to his conviction or sentence, the petition is due to be dismissed as successive.[2]   (*Id*.)  *See* 28 U.S.C. § 2244(3)(a).

Petitioner took advantage of the opportunity granted him to respond to Respondents' answer. After reviewing the § 2254 petition, Respondents' answer, and Petitioner's response, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

---

[2]Based on the allegation presented in Petitioner's application for habeas relief regarding the trial court's delay in filing the record on appeal of his Rule 32 petition, the court does not view the instant petition as presenting a challenge to Petitioner's 2000 conviction and/or sentence. To the extent Petitioner seeks to mount any such challenge in the instant proceeding, the court is not authorized to consider such application. Rather, Petitioner would first need to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas petition. *See Lee v. Mitchem*, Civil Action No. 2:05-CV-968-WKW (M.D. Ala. 2006).

## II.  DISCUSSION

It does not appear from the pleadings, documents, and records before the court that Petitioner exhausted state court remedies prior to filing the instant action in this court. Generally, a court may not entertain a § 2254 petition unless the applicant has exhausted all available state remedies. *See* § 2254(b)(1)(A).  Exceptions exist to the exhaustion requirement, *i.e.,* when "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner." *Howard v. Davis,* 815 F.2d 1429, 1430 (11th Cir. 1987); 28 U.S.C. § 2254(b). Further, whether a delay in state court proceedings is sufficiently "inordinate" to excuse exhaustion depends on the conduct of the petitioner, interference by the state in the timely disposition of the matter, the progress made in state court, and the length of the delay. *See Lee v. Stickman,* 357 F.3d 338, 341-44 (3rd Cir. 2004).  Notwithstanding any failure of Petitioner to exhaust his state court remedies with respect to the pending matter, based on the pleadings and records before it, the court concludes that Petitioner's request for habeas relief is due to be dismissed.

According to the petition, Petitioner filed a Rule 32 petition with the Circuit Court for Bullock County on June 18, 2008.  The trial court held an evidentiary hearing on the petition on December 11, 2008. Thereafter, the trial court denied the petition and Petitioner filed notice of appeal on March 11, 2009. The record on appeal was due April 8, 2009.  On April 21, 2009 the Alabama Court of Criminal Appeals informed the Circuit Clerk of the Circuit Court for Bullock County that the record on appeal was late and directed that the record be

filed by May 5, 2009. Petitioner contends, however, that the "court refused to Order the record prepared and forwarded because the State alleged in a **"Motion to grant the Relief Requested of Petitioner**" that the [S]tate agreed[] with of the claims avered [sic] in the petition." (*Doc. No. 1 at pgs 1-2*) (emphasis in original). The May 5, 2009 deadline passed without the state court taking the necessary action required to complete and file the record on appeal. The appellate court again ordered the trial court to forward the record on appeal by June 9, 2009. When he filed the instant petition on June 20, 2009, Petitioner asserts that the trial court had yet again failed to forward the transcripts to the appellate court due to the allegations made by the State that Petitioner's request for relief should be granted. (*Doc. No. 1 and Attachments*.)

"[D]ue process can be denied by any substantial retardation of the appellate process, including an excessive delay in the furnishing of a transcription of testimony necessary for completion of an appellate record." *Rheuark v. Shaw,* 628 F.2d 297, 302 (5th Cir. 1980); *see also United States v. Bermea,* 30 F.3d 1539, 1568 (5th Cir. 1994) (noting that a state can violate due process if it substantially delays the appellate process it provides for convicted criminal defendants). In *Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995), the court found that a delay of more than two years gives rise to a rebuttable presumption of the "(i) ineffectiveness of state appellate procedures sufficient to excuse exhaustion on the petitioner's underlying claims of unconstitutional trial error, and (ii) prejudice necessary to support an independent constitutional claim of deprivation of an effective direct appeal because of delay." But these cases involve delays in a defendant's *direct* appeal from a

criminal conviction. It is not at all clear, however, whether an unreasonable delay in processing an appeal of state post-conviction proceedings can support an independent due process claim. *See generally Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (holding that there is no federal constitutional right to post-conviction review in the state courts).

The records before the court reflect that on June 24, 2009 the record on appeal of petitioner's 2008 post-conviction petition was filed with the Alabama Court of Criminal Appeals. (*Doc. No. 9, Exh. RX-4*.) Respondents assert that Petitioner filed his initial brief on July 8, 2009.(*Doc. No. 8 at pg. 5*.) In total, about six months elapsed from the time the trial court denied the 2008 post-conviction petition until Petitioner filed his § 2254 petition in this court. Petitioner's notice of appeal from the denial of his Rule 32 petition was filed March 11, 2009 and the record on appeal was due within 28 days of the filing of the notice of appeal which made it due April 8, 2009. The record on appeal of Petitioner's Rule 32 petition was subsequently filed within two and half months of the original due date.

Notwithstanding the fact that Petitioner's request for habeas relief appears to be moot, to the extent he has the right to challenge a delay in processing the subject appeal, under the circumstances of this case, it is clear that he fails to meet the threshold requirement of demonstrating an undue length of time while waiting for the state court to file the record on appeal of his post-conviction petition. *See Cameron v. LeFevre,* 887 F. Supp. 425, 430 (E.D.N.Y.1995) (collecting cases indicating that delays in processing appeals ranging from fifteen months to four years held substantial enough to warrant inquiry into possible due process violations). Nothing before the court shows that Petitioner experienced any

inordinate and excusable delay as a result of the trial court's actions in processing the record on appeal of his 2008 Rule 32 petition. Moreover, Petitioner fails to identify any prejudice resulting from any delay. The delay unaccompanied by prejudice is insufficient to establish a constitutional violation. Petitioner's request for habeas relief is due to be denied.

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be denied and dismissed with prejudice.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Rashad Lee be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before **September 12, 2011** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of August, 2011.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE